FILED
SUPERIOR COURT
OF GUAM

2014 MAR 10 AM 11: 40

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TELEGUAM HOLDINGS LLC AND ITS WHOLLY OWNED SUBSIDIARIES,<br><br>Plaintiffs,<br><br>vs.<br><br>TERRITORY OF GUAM; DEPARTMENT OF ADMINISTRATION, GENERAL SERVICES AGENCY; THE OFFICE OF PUBLIC ACCOUNTABILITY; PACIFIC DATA SYSTEMS, INC.,<br><br>Defendants. | ) Case No. CV 0333-13<br>)<br>)<br>)<br>)<br>)<br>) **DECISION AND ORDER**<br>)<br>) **PLAINTIFF'S MOTION FOR CONTEMPT AND PARTIES' REQUESTS FOR BOND**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 24, 2013 and January 9, 2014 on Plaintiff Teleguam's Ex Parte Application to Hear Motion for Contempt and Motion for Contempt, as well as on the parties' briefs regarding return of the bond posted by Plaintiff. Attorneys Elyze M. Iriarte and Vincent Camacho represent Plaintiff Teleguam, Assistant Attorney General Fred Nishihira represents Defendant Government of Guam, and Attorney Bill R. Mann represents Defendant Pacific Data Systems (PDS). Following the hearings, the Court took the matters under advisement. Having considered the parties' arguments and the applicable law, the Court now issues its Decision and Order **DENYING** Plaintiff's Motion for Contempt, **DENYING** Plaintiff's request for return of the bond, and **GRANTING** Defendants' request for return of the bond.

Page 1
CV 0333-13: Teleguam v. Guam, et al
Plaintiff's Motion for Contempt and Parties' Requests for Bond

## BACKGROUND

On March 20, 2013, Plaintiff filed suit appealing an Office of Public Accountability (OPA) decision of March 6, 2013 relating to telephone service procurement. On April 25, 2013, Plaintiff filed its Ex Parte Motion for Temporary Restraining Order and Request for a Hearing on Preliminary Injunction. On May 3, 2013, the Court rendered its Order Granting Motion for Temporary Restraining Order and required Plaintiff to post a bond in the amount of $44,661. (Court Order Granting TRO at 1-2.) The Court's Order provided that the "Order shall take effect immediately and shall continue in effect until a determination of the merits of this action or until the Court addresses a motion for preliminary injunction/stay of the OPA's decision." (Court Order Granting TRO at 2.) In addition, the Order forbade Defendant PDS from taking action on purchase orders previously issued by Defendant General Services Agency (GSA) and required Defendant PDS to disconnect service to government agencies. (Court Order Granting TRO at 2.)

On October 31, 2013, subsequent to a bench trial, the Court issued its Findings of Fact and Conclusions of Law. (Court Findings and Conclusions.) The Court determined, in pertinent part, that "Plaintiff failed to sustain its burden of proof to prove that the OPA's Decision was arbitrary, capricious, fraudulent, clearly erroneous or contrary to law." (Court Findings and Conclusions at 8.) The Court likewise denied Plaintiff's request for a permanent injunction and noted that "it is in the public interest to save limited general funds by reinstating the purchase orders." (Court Findings and Conclusions at 8-9.) Further, the Court concluded that the Findings of Fact and Conclusions of Law constituted "a final determination of the case on the merits" and accordingly "dismisse[d] Plaintiff's Complaint with prejudice and sustain[ed] the decision of the OPA[.]" (Court Findings and Conclusions at 9.)

On December 5, 2013, Plaintiff filed a Brief on Return of Bond in which it argues that the bond should be returned in full to Plaintiff because Defendants were not wrongfully enjoined in this case. (Pl. Br. on Return of Bond at 1-3.) On December 12, 2013, Defendants PDS and the Government each filed a Brief Regarding Bond in which they argue that the full bond should be disbursed to Defendants in proportion to their losses because they were wrongfully enjoined. (PDS Br. re: Bond at 1-5; Gov. Br. re: Bond at 1-3.)

On December 13, 2013, Plaintiff filed its Ex Parte Application to Hear Motion for Contempt and Motion for Contempt. (Pl. Mot. for Contempt.) Plaintiff argues that Defendants

Page 2
CV 0333-13: Teleguam v. Guam, et al
Plaintiff's Motion for Contempt and Parties' Requests for Bond

violated the Temporary Restraining Order when GSA issued purchase orders to PDS in November 2013. (Pl. Mot. for Contempt at 1-4.) Plaintiff requests that the Court "void all purchase orders that were issued." (Pl. Mot. for Contempt at 2.) Defendants PDS and the Government filed oppositions on December 20, 2013 and December 23, 2013, respectively. (PDS Opp. to Mot. for Contempt; Gov. Opp. to Mot. for Contempt.) Defendants contend that there was no temporary restraining order to violate because the Court's Findings of Fact and Conclusions of Law resolved the case in Defendants' favor, dissolved the restraining order, and thereby permitted subsequent issuance of purchase orders. (PDS Opp. to Mot. for Contempt at 1-4; Gov. Opp. to Mot. for Contempt at 1-3.)

The Court heard oral arguments on December 24, 2013 and January 9, 2014 regarding both issues. The Court took the matters under advisement, and now issues its Decision and Order.

## DISCUSSION

### I. Plaintiff's Motion for Contempt

The elements of contempt are generally: 1) a valid order; 2) knowledge of the order; 3) ability to comply with the order; and 4) willful failure to comply with the order. Lamb v. Hoffman, 2008 Guam 2, ¶ 44 (quoting Rodriguez v. Rodriguez, 2003 Guam 8, ¶ 15) (internal quotations omitted). The party alleging contempt must demonstrate the alleged violation of the Court's order by clear and convincing evidence, not merely by a preponderance of the evidence. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993) (quoting Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982)) (internal quotations omitted). A party should not be held in contempt if its action appears to be based on a good faith and reasonable interpretation of the Court's order. Id.

Plaintiff contends that the Court's Temporary Restraining Order remains in effect and that the Court should find Defendants in contempt because they resumed the previously restrained activities in November 2013, i.e., after the Court rendered its Findings of Fact and Conclusions of Law on October 31, 2013. (Pl. Mot. for Contempt.) However, the Court's Order plainly provided that it "shall take effect immediately and shall continue in effect until a determination of the merits of this action or until the Court addresses a motion for preliminary injunction/stay of the OPA's decision." (Court Order Granting TRO at 2.) The Court subsequently denied Plaintiff's request for a permanent injunction, "dismisse[d] Plaintiff's

Page 3
CV 0333-13: Teleguam v. Guam, et al
Plaintiff's Motion for Contempt and Parties' Requests for Bond

Complaint with prejudice[,] sustain[ed] the decision of the OPA," and explicitly reached "a final determination of the case on the merits." (Court Findings and Conclusions at 8-9.)

No reasonable construction of the Court's Order and Findings of Fact and Conclusions of Law supports Plaintiff's contention; the latter explicitly dissolved the former. Indeed, it would be a harsh and absurd result to find Defendants in contempt for actions reasonably taken in conformance with the plain language of this Court's Findings of Fact and Conclusions of Law. Moreover, Plaintiff's emphasis on the absence of a final judgment in this matter is unpersuasive because, even assuming a final judgment were necessary to dissolve the Order, Defendants' actions demonstrate both a lack of knowledge that the Order remained in effect and a lack of willful failure to comply with the Order. Similarly, the Court will not arrive at a finding of contempt where there is ambiguity regarding the nature and duration of the action proscribed. See Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 859 F.2d 681, 685 (9th Cir. 1988) (quoting Schmidt v. Lessard, 414 U.S. 473, 476 (1974)) (quotations omitted). The Court, therefore, concludes that Plaintiff has failed to meet its burden to show by clear and convincing evidence—or even by a preponderance—that Defendants committed contempt. Accordingly, the Court **DENIES** Plaintiff's Motion for Contempt.

## II. Parties' Requests for the Bond

Rule 65(c) of the Guam Rules of Civil Procedure, which is based on the substantially similar federal rule, provides, in pertinent part:

> Security. No restraining order or preliminary injunctions shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

A temporary restraining order that has been extended beyond the time limit contemplated by Rule 65(b) is treated as if it were a preliminary injunction. Waste Mgmt., Inc. v. Deffenbaugh, 534 F.2d 126, 129 (8th Cir. 1976) (citing Sampson v. Murray, 415 U.S. 61, 86 (1974)). For an enjoined party to recover a bond posted pursuant to Rule 65(c), the party must show the following: (1) existence of a bond; (2) wrongful issuance of the injunction; and (3) monetary damages. Buddy Systems, Inc. v. Exer–Genie, Inc., 545 F.2d 1164, 1169, n. 10 (9th Cir. 1976). A party is wrongfully enjoined "when it turns out the party enjoined had the right all along to do what it was enjoined from doing." Nintendo of America, Inc. v. Lewis Galoob Toys, Inc., 16

Page 4
CV 0333-13: Teleguam v. Guam, et al
Plaintiff's Motion for Contempt and Parties' Requests for Bond

F.3d 1032, 1036 (9th Cir. 1994). "[A] temporary injunction may be wrongfully issued although the issuance may not have been improvident as an abusive exercise of the trial court's discretion." Guzman v. Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO, 72 F.3d 260, 263-64 (2d Cir. 1995) (quoting Atomic Oil Co. v. Bardahl Oil Co., 419 F.2d 1097, 1099 (10th Cir. 1969), cert. denied, 397 U.S. 1063 (1970)). With respect to damages, "there is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed and recover provable damages up to the amount of the bond." Nintendo, 16 F.3d at 1036; Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 558-59 (2d Cir. 2011) (collecting cases and noting that proof of damages need not be to a "mathematical certainty").

Plaintiff suggests that there was no wrongful restraint because Plaintiff succeeded in the first instance at securing the Temporary Restraining Order. (Pl. Br. on Return of Bond at 3.) Plaintiff further argues that Defendants were not entitled to perform the restrained activities during the pendency of this action and, in any event, the Government actually saved money as a result of the Order. (Pl. Br. on Return of Bond at 3-6.) Citing the Court's Findings of Fact and Conclusion of Law, Defendants counter that they were wrongfully restrained because they prevailed in the matter. (PDS Br. re: Bond at 3-5; Gov. Br. re: Bond at 2-4.) Defendants seek recovery of the full amount of the bond in proportion to their respective losses and rely on ample evidence substantiating damages incurred as a result of the Order. (PDS Br. re: Bond at 3-5, Day Decl., Ex. 1; Gov. Br. re: Bond at 2-4.)

As discussed above, the Court denied Plaintiff's request for a permanent injunction, dismissed Plaintiff's Complaint with prejudice, sustained the decision of the OPA, and reached a final determination of the case on the merits. (Court Findings and Conclusions at 8-9.) Thus, the Nintendo case is instructive: the plaintiff there obtained a preliminary injunction enjoining the defendant from selling a product. 16 F.3d at 1036-38. The defendant, however, prevailed in the underlying litigation as the district court vacated the injunction and held that the defendant could sell the product in question; the Ninth Circuit concluded that the defendant was wrongfully enjoined and affirmed the district court's decision. Id. So too, here, as Defendants prevailed in this matter with the Court reaching a final determination on the merits and denying Plaintiff's request for a permanent injunction. The Court therefore concludes that Defendants were wrongfully enjoined or restrained. See id.; Buddy Sys., Inc., 545 F.2d at 1167-68, n.10 (reversal of a permanent injunction on direct appeal provides a basis for a finding that

Page 5
CV 0333-13: Teleguam v. Guam, et al
Plaintiff's Motion for Contempt and Parties' Requests for Bond

preliminary injunction was wrongfully issued); <u>Qualcomm, Inc. v. Motorola, Inc.</u>, 185 F.R.D. 285, 287 (S.D. Cal. 1999) ("This Court finds that a party is 'wrongfully restrained' when a contested TRO is dissolved because the party seeking the preliminary injunction fails to carry its burden at the preliminary injunction hearing.") Furthermore, the Court is mindful that it may decline to award the bond upon "good reason." <u>Nokia Corp.</u>, 645 F.3d at 559 (citing <u>Milan Exp., Inc. v. Averitt Exp., Inc.</u>, 254 F.3d 966, 981 (11th Cir. 2001)). However, the Court is unconvinced by Plaintiff's argument that Defendants should not be awarded the bond because the restraint resulted in savings.

Finally, the Court is satisfied from Defendants' detailed exhibits that Defendants incurred damages up to the amount of the bond. The Court therefore **DENIES** Plaintiff's request for return of the bond, and **GRANTS** Defendants' request for return of the entire bond, to be divided in proportion to their respective damages.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Contempt, **DENIES** Plaintiff's request for return of the bond, and **GRANTS** Defendants' request for return of the bond. Defendants shall prepare the final judgment within five days.

**SO ORDERED** this __10__ day of March, 2014.

Original signed by:
HON. ANITA A. SUKOLA

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 1 0 2014

Betty T. Mesa
Deputy Clerk, Superior Court of Guam

Page 6
CV 0333-13: Teleguam v. Guam, et al
Plaintiff's Motion for Contempt and Parties' Requests for Bond